UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN REGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>and SCHINDLER ELEVATOR )<br>CORPORATION, )<br>)<br>Defendants. )<br>) | C.A. No. 1:12-CV-11763-GAO |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Ann Regan filed her original complaint against the United States of America. A copy of that complaint, in two counts, is attached hereto. Count I of the original complaint was against the United States, and Count II was against unnamed defendants "Corporations 1 through 5." On October 2, 2013, this Court allowed plaintiff's motion to amend the complaint to add Schindler Elevator Corporation ("Schindler") and Work Incorporated as defendants. Plaintiff files this Amended Complaint, repeating Count I verbatim and adding or substituting a new Count II against Schindler.

### I. INTRODUCTION

1. This is an action against the United States of America ("United States") and Corporations 1-5 under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq., for money damages as compensation for personal injuries suffered by the plaintiff, Ann Regan ("plaintiff"), that were caused by the negligent and wrongful acts or omission of agents or employees of the United States and Corporations 1 through 5 while acting within the scope of their agency or

employment, when an elevator at the John F. Kennedy Library malfunctioned and unexpectedly closed on the plaintiff while she was attempting to exit the elevator.

2. The elevator is owned and controlled by the United States and was installed, maintained, or repaired by Corporations 1 through 5.

## II. JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over the parties and subject matter of this litigation pursuant the provisions of the Federal Tort Claims Act, 28 U.S.C. §1346(b), §2671-2680 and in accordance with the laws of Massachusetts. Supplemental Jurisdiction is also invoked. Plaintiff filed her administrative claims with the National Archives and Records Administration ("National Archives"), which acknowledged receipt of the claims on October 25, 2011. The National Archives thereafter denied plaintiff's claim, and plaintiff filed this complaint within six (6) months after the agency denial of the administrative tort claim, as required under 28 U.S.C. §2401(b).

4. Venue is proper under U.S.C. §1402(b) in that all of the acts and omissions forming the basis of these claims occurred in the District of Massachusetts.

## III. PARTIES

5. Plaintiff Ann Regan is of legal age, a citizen of the United States of America, and a resident of Massachusetts.

6. Defendant United States of America is a sovereign and is subject to suit pursuant to 28 U.S.C. §1346(b).

7. Upon information and belief, the defendant Corporations 1-5 are the entities responsible for the installation, maintenance, or repair of the elevator that caused the accident alleged in the

complaint. At such time the true name of said defendants becomes known to plaintiff, plaintiff will seek leave of the Court to substitute or supplement or amend the complaint.

## IV.   FACTUAL ALLEGATIONS

8. On or about October 22, 2009, and upon information and belief, the John F. Kennedy Library was and still is a federally-owned building located at Columbia Point, Boston, Massachusetts and was/is under the control, supervision, and operation of an agency of the United States of America, the National Archives.

9. On or about October 22, 2009 at around approximately 6:00 p.m., when plaintiff was exiting one of the elevators at the John F. Kennedy Library the doors of the elevator malfunctioned and closed unexpectedly, with the left elevator door striking plaintiff on the left side of her head, and trapping her between the doors, and causing her to suffer injuries to her head, neck, and arm.

10. Individuals responded with a wheelchair, and plaintiff was eventually admitted to the emergency room at the Quincy Medical Center the following day.

11. Upon information and belief, the elevator that caused plaintiff's injuries had malfunctioned and was beyond the required inspection date, as no Department of Public Safety of other certificate was found on the elevator, and the employees of the United States of America failed to report the elevator malfunction or take any action.

12. As a result of the negligent acts or omissions of the National Archives' agents or employees, as well as the other defendants, plaintiff immediately began to suffer headaches and pain and decreased mobility in her neck and back, as well as hand and arm weakness with paresthesias in her left arm, and she has suffered overall deterioration in her functional ability.

13.  As a result of defendants' negligence, the plaintiff has to undergo a posterior cervical spinal laminectomy of C5 and C6 and partial laminectomy of C4 and C7, involving a C4-C7 posterior instrumental lateral mass screw and rod fusion with DePuy Mountaineer hardware and a local morcellized autograft.

14.  Plaintiff has undergone extensive physical therapy and has suffered and will continue to suffer emotional and mental anguish and anxiety.

15.  As a result of the foregoing, plaintiff has suffered, and will continue to suffer pain and damages, she will have to undergo future treatments, physical therapy, and she will have to take medication indefinitely in order to control the pain in her neck.

16.  Such negligent conduct consists of the lack of supervision, diligence, and lack of reasonable care exerted by the National Archives' employees who were responsible for the maintenance or repairs of the elevators of the John F. Kennedy Library or who were responsible for reporting any mechanical problems with elevators.  The United States of America is liable in tort as a private individual would be liable under like circumstances under the Federal Tort Claims Act of the state law of Massachusetts.

### COUNT 1-NEGLIGENCE
### (United States of America)

17.  Paragraphs 1 through 16 are incorporated herein by reference.

18.  The National Archives, as an agency of the United States and through its agents or employees, owed a duty to the plaintiff to maintain the elevator at the John F. Kennedy Library in a reasonably safe condition.

19.  The National Archives, as an agency of the United States and through its employees, breached its duty by failing to exercise its duty of reasonable care to properly and adequately

maintain the elevator in a safe condition and further report the elevator's malfunction, so as to prevent the foreseeable injury suffered by the Plaintiff due to the elevator malfunctioning.

20. Plaintiff's injuries and damages are a direct and proximate result of the negligent acts and omissions of the defendant, the United States of America, through the agents, servants, or employees of its agency, the National Archives, the owner and operator of the John F. Kennedy Library where plaintiff was injured.

21. The negligence of the United States of America, through its agency the National Archives, in failing to properly and adequately maintain the elevator of the John F. Kennedy Library in a reasonably safe condition for the plaintiff's use, was the proximate cause of the plaintiff's injuries, causing her damages as described above.

WHEREFORE, plaintiff Ann Regan prays that this Court enter judgment against the defendant United States of America for money damages in an amount to be proved at trial and order such other relief as the court may deem appropriate.

## COUNT II-NEGLIGENCE
### ( Schindler Elevator Corporation)

22. Plaintiff repeats and incorporates herein the allegations in paragraphs 1 through 21.

23. Defendant Schindler Elevator Corporation ("Schindler"), upon information and belief, is a foreign corporation that does business in Massachusetts.

24. Jurisdiction over Schindler is proper, as there is diversity of citizenship and the amount of controversy exceeds $75,000.00.

25. On and before October 22, 2009, Schindler had a contractual and common law duty properly to inspect, maintain, repair, and ensure the reasonably safe condition of the elevators at the John F. Kennedy Library, including the elevator that plaintiff alleges caused or contributed to cause injuries she suffered on October 22, 2009.

26. On or before October 22, 2009, Schindler breached its duties by negligently failing properly to inspect, maintain, repair, and ensure the reasonably safe condition of the elevator that plaintiff alleges caused or contributed to cause her injuries.

27. As a result of Schindler's negligence, plaintiff was injured as alleged in paragraphs 9, 10, and 12 through 15.

WHEREFORE, plaintiff Ann Regan requests that the Court enter judgment in her favor and against Schindler Elevator Corporation, in an amount to be determined, plus interest and costs.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury.

PLAINTIFF ANN REGAN
By her attorney,

/s/ *Adamo L. Lanza*
Adamo L. Lanza, BBO # 689190
Jeffrey Denner Associates, P.C.
4 Longfellow Place, 35th Floor
Boston, Massachusetts  02114
Telephone:  (617) 227-2800
Facsimile:  (617) 973-1562
mjg@dennerpellegrino.com

**CERTIFICATE OF SERVICE**

      I, Adamo L. Lanza , hereby certify that on April 14, 2014, I caused a true copy of the forgoing *Amended Complaint* to be served on all registered parties, by electronically filing the same via the CM/ECF system. All other parties not registered with CM/ECF will be served via first class mail, postage prepaid.

                                                          /s/ *Adamo L. Lanza*
                                                          Adamo L. Lanza