UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11763-GAO

ANN REGAN,
Plaintiff,

v.

UNITED STATES OF AMERICA,
CORPORATIONS NOS. 1 TO 5, SCHINDLER ELEVATOR CORPORATION,
Defendants.

OPINION AND ORDER
February 12, 2015

O'TOOLE, D.J.

The plaintiff alleges that she was injured by malfunctioning elevator doors at the John F. Kennedy Library, which is under the control and operation of the National Archives and Records Administration ("NARA"), an agency of the United States. The plaintiff's administrative claims presented to NARA were denied. She initiated the current action against the United States and unnamed corporations, invoking the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and supplemental jurisdiction.

This Court granted the plaintiff leave to amend her complaint to add Schindler Elevator Corporation ("Schindler") and Work Incorporated as defendants. The amended complaint, however, appears to add only Schindler and has not been served on the additional defendant.

The United States moved to dismiss the original complaint prior to amendment and now asks this Court to grant the original motion to dismiss and to strike the identical allegations in the amended complaint. The plaintiff has not opposed either motion.

To survive a motion to dismiss a plaintiff must present facts that make his claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Specifically, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. When evaluating a motion to dismiss, this Court must take "all the factual allegations in the complaint as true." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

As against the United States, the plaintiff alleges that her injuries resulted from the "lack of supervision, diligence, and lack of reasonable care exerted by the National Archives' employees who were responsible for the maintenance or repairs of the elevators . . . or who were responsible for reporting any mechanical problems with elevators." (Compl. ¶ 16 (dkt. no. 1).)[1] She recites the elements of negligence in count I against "the United States of America, through its agents, servants, or employees of its agency, the National Archives." (Id. ¶ 20.) However, the complaint lacks specific allegations that NARA employees were actually responsible for the complained of acts and omissions.

The plaintiff's naming of additional defendants, as yet still unserved, suggests that the actual injury is alleged to result from actions or omissions by those defendants. To the extent the plaintiff seeks to allege actions or omissions by the United States, she has failed to offer more than conclusory or formulaic statements to this effect. Twombly, 550 U.S. at 555. She presents no facts to show that the relevant actors were employees of the United States acting within the scope of their employment, rather than independent contractors who are exempt from FTCA coverage. See 28 U.S.C. § 1346(b); 28 U.S.C. § 2671; see also Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006); Carroll v. United States, 661 F.3d 87, 96 (1st Cir. 2011)

---

[1] The allegations against the United States are repeated verbatim in the amended complaint and the relevant paragraph numbers remain the same.

(finding an "independent contractor defense"). Because the FTCA must be "construed strictly in favor of the federal government," United States v. Horn, 29 F.3d 754, 762 (1st Cir. 1994), the plaintiff has failed to state a claim against the United States.

For the foregoing reasons, the United States' Motion to Dismiss (dkt. no. 27) the original complaint is GRANTED. The identical allegations made against the United States in the amended complaint are stricken and the amended complaint is DISMISSED as to the United States. The United States' Motion (dkt. no. 36) requesting this relief is accordingly GRANTED.

In light of this dismissal and the lack of service as to the other defendants, the Court declines to exercise supplemental jurisdiction over the remaining claim against Schindler. Count II is DISMISSED without prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge